# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL ACTION NO. 09-184-DLB**

**JACKIE ROBERTS**                                                  **PLAINTIFF**

vs.                     **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                               **DEFENDANT**

\*   \*   \*   \*   \*   \*   \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jackie Roberts applied for supplemental security income (SSI) payments on July 27, 2006. (Tr. 94-101). At the time of filing, Plaintiff was 45 years old and alleged a disability onset date of January 2, 2000.[1] He asserts he is disabled due to degenerative disc disease; residuals from a gunshot wound to the left collarbone; anxiety; depression; and hip, leg, and lower back pain. (Tr. 33-39, 112). His application was denied initially and on reconsideration. (Tr. 72-75, 82-84). At Plaintiff's request, an administrative hearing was

---

[1] Because this date fell before the date of Plaintiff's last unfavorable social security disability determination, during the hearing before Administrative Law Judge (ALJ) Alderisio, Plaintiff amended his disability onset date to September 22, 2001. (Tr. 41-42).

1

conducted on August 17, 2007, by ALJ James P. Alderisio. (Tr. 27-45). On December 4, 2007, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI payments. (Tr. 18-26). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 23, 2009. (Tr. 1-4).

On May 22, 2009, Plaintiff filed the instant action. (Doc. #1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #13, 14).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir.

1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since applying for SSI payments. (Tr. 20). At Step 2, the ALJ determined that Plaintiff's degenerative disc disease of the lumbar spine and residuals from a gunshot wound to the left arm–in combination–were "severe" within the meaning of the regulations. (Tr. 20). At Step 3, the ALJ concluded that Plaintiff's combined impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). Specifically, the ALJ evaluated Plaintiff's physical condition under Section 1.00 (Muskeloskeletal System), and the subsections thereunder, concluding that Plantiff's combined impairments did not meet or equal the requirements of any listing. (Tr. 22).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of light work:

> claimant has the residual functional capacity to perform light work except no climbing of ladders, ropes or scaffolds; no gross manipulation or more than occasional overhead reaching with the left hand and the left hand is to be

> used as a guide hand only; and no exposure to vibration or vibrating machinery. In addition, due to his marginal education . . . the claimant can understand, remember and carry out no more than simple 1-2 step instructions and is limited to non-reading jobs.

(Tr. 22). Based upon these findings, the ALJ determined that Plaintiff could no longer perform his past relevant work as a tire changer. (Tr. 24).

At Step 5, the ALJ considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines and testimony from a vocational expert, and concluded that there exist a significant number of jobs in the national economy–such as inspector, machine tender, and hand packer–that Plaintiff can perform despite his exertional limitations. (Tr. 25). Therefore, the ALJ found that Plaintiff has not been under a disability as defined by the Social Security Act. (Tr. 25-26).

**C.    Analysis**

Plaintiff's sole argument on appeal is that the RFC articulated by the ALJ is not supported by substantial evidence because the ALJ failed to accord proper weight to Plaintiff's allegations of disabling pain. Plaintiff contends that the ALJ erred in finding his testimony "not wholly credible" because his complaints of disabling pain are supported by medical evidence of an underlying medical condition which could reasonably be expected to produce severe pain.

"A subjective assessment of pain symptoms is relevant to determining whether a claimant suffers from a disability, but it is not conclusive evidence establishing a disability." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("Subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'")). In evaluating a claimant's subjective

4

complaints of pain, it is proper for the ALJ to consider the claimant's credibility, and this Court accords great deference to that credibility determination. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (stating that an ALJ's "finding based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the ALJ] is charged with the duty of observing a witness's demeanor and credibility"). The ALJ may properly discount a claimant's credibility "to a certain degree . . . where [the ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531.

In this case, although the ALJ found that Plaintiff's impairments–degenerative disc disease and residuals from 20-year-old gunshot wound–could reasonably be expected to produce some pain, the ALJ determined that "the objective medical evidence as a whole does not confirm the degree of total disability alleged by the claimant or a condition of such severity." (Tr. 23). The ALJ compared Plaintiff's allegations of disabling pain and reported daily activities to the objective medical evidence contained in the administrative record and concluded that Plaintiff's "contentions concerning the extent of pain and its impact on his ability to work are not wholly credible." (Tr. 24). Specifically, the ALJ found that Plaintiff's allegations of severe pain and an inability to function in a work environment were not supported by the objective medical evidence in the record which showed a history of "normal neurological findings and normal range of motion" and a conservative course of treatment with no referrals for surgery. (Tr. 23-24). Although the Plaintiff complained of severe pain, the ALJ found that Plaintiff's failure to follow through with recommended

5

treatment–including physical therapy, epidural injections and pain management– "substantially diminishe[d] the credibility of his allegations." (Tr. 24).[2]

Plaintiff's history of conservative treatment and his failure to seek prescribed palliative care provided a sufficient basis for the ALJ to discount Plaintiff's credibility. *See* S.S.R. 96-7p ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). In addition, Plaintiff's credibility was further undermined by the inconsistencies between his testimony before the ALJ that he had been unable to work since 2000 and previous statements Plaintiff had made to his medical providers on multiple occasions regarding his ability to work. (Tr. 24). Although Plaintiff testified unequivocally at the administrative hearing that his impairments had prevented him from performing any work at his family's tire store since 2000 (Tr. 39), his statements to his medical providers place his truthfulness during the hearing into doubt. For example, on February 4, 2002, Plaintiff reported to his physician that "he had trouble getting lug nuts off a car" (Tr. 245), and on June 16, 2003 Plaintiff told another doctor that "he works in a tire store, so he's constantly lifting and moving tires . . . ." (Tr. 274). Plaintiff's apparent lack of

---

[2] Plaintiff attempts to mitigate his failure to comply with his doctors' recommendations by pointing out to the Court that he is without medical insurance. The Court notes, however, that Plaintiff's lack of insurance has not stopped him from receiving medical treatment and procuring prescribed pain medication on a regular and continuing basis. (Tr. 230-296) (medical records from Parkway Medical Clinic spanning from 5/9/2001 to 7/27/2006). Furthermore, Plaintiff has admitted to smoking one to two packs of cigarettes per day, indicating he has access to funds which could have been used to purchase prescribed medical treatment. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) ("Taking judicial notice of the monetary cost of this dangerous habit, we calculate that the cost of [medical treatment] could have been covered by the savings the claimant would realize if he gave up cigarettes."). In light of these facts, it was not unreasonable for the ALJ to conclude that Plaintiff failed to comply with his doctors' recommendations due to the moderate nature of his conditions, rather than a lack of financial resources.

truthfulness–either to the ALJ or to his doctors–provided the ALJ with ample reason to disbelieve Plaintiff's statements about the severity of his pain and its impact on his ability to work. S.S.R. 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record.").

Because the record lacks evidence which would clearly support Plaintiff's allegations that his severe pain prevents him from engaging in any work-related activities, the Court defers to the ALJ's assessment of Plaintiff's credibility as it is supported by substantial evidence in the administrative record. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."); *Bradley v. Sec. of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) ("The Secretary and not the court has the power to weigh all the evidence and resolve significant conflicts in the testimony."). Accordingly, the Court concludes that the ALJ did not err in finding Plaintiff's allegations of disabling pain only partially credibly and finds the ALJ's assessment of Plaintiff's RFC to be supported by substantial evidence.

### III. CONCLUSION

The record contains substantial evidence supporting the ALJ's assessment of Plaintiff's credibility, his determination of Plaintiff's RFC, and his ultimate finding that Plaintiff is not disabled. Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

7

2. Plaintiff's Motion for Summary Judgment (Doc. #13) is hereby **DENIED**;

3. Defendants' Motion for Summary Judgment (Doc. #14) is hereby **GRANTED**;

4. A Judgment affirming this matter will be entered contemporaneously herewith.

This 6th day of April, 2010.



G:\DATA\SocialSecurity\MOOs\6-09-184-RobertsMOO.wpd